IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>BOBBY PACHINO ENOS,<br><br>Defendant-Petitioner. | CR. NO. 19-00028 JMS<br>CIV. NO. 24-00152 JMS-WRP<br><br>ORDER (1) DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 79; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**ORDER (1) DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 79; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Currently before the court is Defendant-Petitioner Bobby Pachino Enos' ("Enos") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"). ECF No. 79. For the reasons discussed below, the Petition is DISMISSED and a Certificate of Appealability is DENIED.

## II. BACKGROUND

On July 30, 2019, Enos pled guilty pursuant to a plea agreement to Count 1 of an Indictment charging him with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A)(viii). *See* ECF No. 12; ECF No. 37 at PageID.92; ECF No. 68 at PageID.278.[1] On March 24, 2021, the court sentenced Enos to a term of 70 months imprisonment to be followed by five years of supervised release. ECF No. 68 at PageID.278–280. On March 29, 2021, the date the court entered judgment, Enos filed an appeal. ECF No. 66. He later moved for voluntary dismissal of the appeal, which the Ninth Circuit granted on June 17, 2021. ECF No. 73.

Enos, proceeding pro se, filed the Petition on March 27, 2024.[2] ECF No. 79. On April 4, 2024, the court entered an Order to Show Cause why the Petition should not be dismissed as untimely ("OSC").[3] ECF No. 80. Enos filed a response to the OSC on June 5, 2024. ECF No. 84.

---

[1] All ECF citations are to the docket in Criminal No. 19-00028 JMS.

[2] The Petition is deemed filed on the date Enos gave it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (explaining the prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Here, the Petition is signed with the date March 27, 2024, and the mailing envelope bears that date as well. *See* ECF No. 79 at PageID.357, PageID.360 (mailing envelope). Thus, the court considers March 27, 2024, to be the date on which Enos gave the Petition to prison officials for mailing.

[3] The court may raise a statute of limitations issue sua sponte, provided that it first gives the petitioner notice that the motion is subject to dismissal as untimely and an opportunity to respond. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *Day v. McDonough*, 547 U.S. 198, 209–210 (2006) (holding that district courts may "consider, sua sponte, the timeliness of a state prisoner's habeas petition," but the court "must accord the parties fair notice and an opportunity to present their positions"); *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015) (applying *Day* to a § 2255 petition); *Martinez v. United States*, 423 F. App'x 650 (8th Cir. 2011) (same). Here, the court provided Enos with both notice and an opportunity to respond. *See* ECF No. 80.

For the reasons set forth below, the court determines that the Petition is time-barred.

## III. ANALYSIS

In the Petition, Enos alleges that his arrest leading to his prosecution was in violation of the Fourth Amendment. Specially, he alleges that he was legally parked on the side of the road when law enforcement removed him from his car without probable cause or a warrant, and then conducted an illegal search of his person. ECF No. 79 at PageID.349. He also claims ineffective assistance of counsel, stating that he asked his attorney to file a motion to suppress based on an illegal search and to obtain exculpatory evidence, but his counsel refused to do so. *Id*. at PageID.350. Enos also explained that he filed his Petition past the one-year statute of limitations "[b]ecause at the time and up until now, I was ignorant to the law" and that "after looking into this [I] found out my 4th Amendment constitution rights have been violated." *Id*. at PageID.356.

### A. Enos' Claims Are Time-Barred Under § 2255(f)(1)–(4)

A one-year statute of limitations applies to § 2255 petitions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The finality date of a criminal judgment—that is, the date the one-year limitations period begins to run for purposes of a § 2255 petition—depends upon a defendant's post-conviction appellate activity. If a defendant "does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)).

But Enos filed a direct appeal on March 29, 2021, *see* ECF No. 66, and later voluntarily dismissed that appeal, *see* ECF No. 73 (Ninth Circuit mandate entered June 17, 2021). When an appeal is voluntarily dismissed, the conviction becomes final on the date the appellate court dismisses the appeal. *See United States v. Laughing*, 2017 WL 8941235, at *2 (D. Ariz. Feb. 22, 2017) (citing

*United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) ("[O]nce an appeal is voluntarily dismissed, appellate courts no longer have jurisdiction over the merits of the appeal.")); *see also United States v. Solis-Sanchez*, 2017 WL 1166153, at *2 (E.D. Cal. Mar. 29, 2017); *United States v. Garibay-Mares*, 2008 WL 4630343, at *5 (C.D. Ariz. Oct. 20, 2008). Here, the judgment became final on June 17, 2021, the date on which the Ninth Circuit mandate entered. Enos filed his Petition on March 27, 2024—almost two years past the one-year deadline outlined in § 2255(f)(1). Thus, in order to proceed, Enos' claims must fall under § 2255(f)(2), (f)(3), or (f)(4); or be subject to equitable tolling.

Liberally construed, Enos may be arguing that § 2255(f)(2) applies—he claims that while was incarcerated in a Hawaii State prison from April 2021 through June 2022, the law library was closed due to COVID-19 restrictions. ECF No. 84 at PageID.373. To be sure, courts have held that lack of access to certain legal resources, including a law library, *may* constitute, in some circumstances, a government-induced impediment under § 2255(f)(2) (or under 28 U.S.C. § 2244(d)(1)(B), the § 2244 counterpart to § 2255(f)(2)).[4] *See, e.g.*, *Simmons v.*

---

[4] Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(continued . . . )

*United States*, 974 F.3d 791, 795–96 (6th Cir. 2020); *see also Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013); *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003) (finding that "[t]he absence of all federal materials from a prison library," including a copy of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "without making some alternative arrangements to apprise prisoners of their rights," constitutes a government-induced impediment under 28 U.S.C. § 2244(d)(1)(B)); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (holding that absence of legal materials describing AEDPA may be sufficient to constitute an "impediment" under 28 U.S.C. § 2244(d)(1)(B)).

But "to invoke Section 2255(f)(2), it is the prisoner's responsibility to allege (1) the existence of an impediment to his making a motion, (2) governmental action in violation of the Constitution or laws of the United States that created the impediment, and (3) that the impediment prevented the

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

prisoner from filing his motion." *Simmons*, 974 F.3d at 796–97. Stated differently, Enos must show a causal connection between the unlawful impediment asserted and his failure to timely file the Petition. *See Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (requiring a causal connection to be shown when a petitioner seeks to invoke § 2244(d)(1)(B)). Enos does not meet that burden here.

As an initial matter, the closure of the state's prison law library was almost certainly taken to protect the health and safety of inmates and staff during the COVID-19 global health crisis. It is questionable whether those restrictions constitute government-induced impediments under § 2255(f)(2). *See, e.g.*, *Caraballo v. United States*, 2021 WL 1062036, at *2 (S.D.N.Y. 2021) ("[The court does] not regard steps taken in the interest of health and safety as government-induced impediments [under § 2255(f)(2)]."); *United States v. Leggio*, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021), *appeal filed* (No. 21-1572) (finding no merit to a defendant's argument that he was prevented from filing a § 2255 petition due to lack of access to the lawyers and the courts because of the COVID-19 pandemic since "the . . . pandemic is clearly not an 'impediment to making a motion created by government action' [under § 2255(f)(2)]").

Nevertheless, even assuming that closure of the law library was a government-induced impediment, Enos fails to demonstrate that he was "*prevented*

*from making a motion* by such governmental action." 28 U.S.C. § 2255(f)(2) (emphasis added); *see Simmons*, 974 F.3d at 797; *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (stating that, in order to prevail in his attempt to invoke tolling under § 2244(d)(1)(B), a defendant "must . . . show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition" (emphasis in original)).

Although Enos claims that he had no access to a law library from April 2021 through June 2022, he does not explain how the lack of a law library impacted his ability to file a timely § 2255 petition. In fact, in his Petition, Enos states that prior to entering his plea of guilty, "I asked my Attorney to file a motion to suppress based on 4th Amendment violations and to subpoena all exculpatory evidence . . . ." ECF No. 79 at PageID.350. Given his apparent awareness of an alleged violation of the Fourth Amendment and the failure of the prosecution to provide exculpatory evidence, there is no reason that Enos could not have filed his Petition in a timely manner. And, even if he did need a law library, he fails to explain why he failed to file his Petition within one year of June 2022 (when he was transferred to federal custody and where there is no evidence that a law library was unavailable).

In short, Enos has provided no facts to support a finding that he was *prevented* from filing a timely § 2255 petition due to lack of access to a law library from April 2021 through June 2022.

Nor does § 2255(f)(3) apply—Enos is not asserting a right newly recognized by the Supreme Court and made retroactively applicable on collateral review.

Section 2255(f)(4) also does not apply. It tolls the statute of limitations until the date on which the facts supporting the claim or claims could have been discovered through the exercise of reasonable diligence.[5] *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). This provision "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000)). In other words, reasonable diligence "does not require a prisoner to undertake repeated exercises in futility or

[5] Under § 2255(f)(4), a petitioner must exercise due diligence to discover the relevant facts—not the legal consequences of those facts—supporting a claim. *United States v. Cazarez-Santos*, 66 F. Supp. 3d 1301, 1305 (S.D. Cal. 2014), *aff'd*, 655 F. App'x 543 (9th Cir. 2016) (finding that Petitioner in a § 2255 claim knew "[b]y no later than the date that he pleaded guilty . . . the facts underlying his habeas claim" and "[t]hat he may not have realized the legal significance of those facts until later makes no difference."); *see also United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("[F]or the purposes of [a §2255(f)(4) claim], [t]ime begins when the [Petitioner] knows (or through diligence could discover) the important facts, not when the [Petitioner] recognizes their legal significance." (citation and quotation marks omitted)); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (stating that, under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

to exhaust every imaginable option." *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Rather, a prisoner must "make *reasonable* efforts to discover the facts supporting his claims." *Id.*

Here, Enos claims that his arrest leading to his prosecution was in violation of the Fourth Amendment, and that his counsel was ineffective in failing to challenge his illegal arrest and in failing to obtain exculpatory evidence. But Enos *admits* that he was aware of these very facts before he entered a plea of guilty. *See* ECF No. 79 at PageID.350 (stating that, before entering a plea guilty, Enos spoke to his counsel about filing a motion to suppress based on a fourth amendment violation and requesting counsel to subpoena exculpatory evidence). And he explains in his Petition that it was filed past the one-year statute of limitations "[b]ecause at the time and up untill [sic] now, I was Ignorant to the law." *Id*. at PageID.356.

In short, Enos was aware no later than July 30, 2019 (the date that he entered a plea of guilty), of the very facts giving rise to his Petition. Thus, Enos' claims are time-barred under § 2255(f)(4).

**B. Equitable Tolling Does Not Apply**

Further, Enos does not indicate any circumstances that entitle him to equitable tolling. "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

time" and those extraordinary circumstances are "the cause of [the] untimeliness." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quotation marks and citation omitted). Indeed, "the threshold necessary to trigger equitable tolling is very high." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (quotation marks, ellipses, and citation omitted).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). And "for a litigant to demonstrate he has been pursuing his rights diligently . . . he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (internal citations and quotation marks omitted). Enos has not met this burden.

Enos appears to claim that law library restrictions (between April 2021 and June 2022) due to COVID-19 constitute an extraordinary circumstance that merits equitable tolling. *See* ECF No. 84 at PageID.373. Although he may not have had access to a law library while in state custody, in June 2022 he was incarcerated either in FDC Honolulu or FCI Sheridan. *Id*. There is no indication that Enos lacked access to legal materials while in those institutions. In other

words, Enos has not demonstrated that he diligently pursued his rights after June 2022, or why he waited from June 2022 until March 2024 to file a petition. And for the time period after June 2022, Enos does not claim that he attempted to file a timely petition with reasonable diligence but was thwarted by an extraordinary circumstance. Accordingly, equitable tolling does not apply to Enos' Petition.

## IV. CERTIFICATE OF APPEALABILITY

In dismissing the Petition, the court must also address whether Enos should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id*. (citation and quotation marks omitted).

Enos' Petition is clearly beyond the one-year time limit. Enos failed to show that his Petition could possibly be construed as timely under § 2255(f). There is no factual basis for equitable tolling. Based on the record before the court, the Petition is clearly untimely, and the court finds that reasonable jurists could not find the court's ruling debatable. *See id.* Accordingly, a COA is DENIED.

## V. CONCLUSION

Based on the foregoing, the Petition is DISMISSED as time-barred and a COA is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 10, 2024.




/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Enos*, Cr. No. 19-00028 JMS, Civ. No. 24-00152 JMS-WRP, Order (1) Dismissing Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 79; and (2) Denying a Certificate of Appealability